1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAHTIANA JADE BROWN,                         No. 2:25-cv-0627-DC-CKD (PS)

12                  Plaintiff,

13         v.                                      FINDINGS AND RECOMMENDATIONS

14   PREFERRED EMPLOYERS
     INSURANCE, et al.
15
                   Defendants.
16

17         Plaintiff Tahtiana Brown[1] proceeds without counsel on complaint filed on February 24,

18   2025, against defendants Preferred Employers Insurance, Berkeley Technology, and Dan Moon.

19   (ECF No. 1.) Counsel has appeared on behalf of the defendants, who have not filed any response

20   to the complaint.[2] On June 9, 2025, plaintiff filed a motion for leave to amend the complaint

21   along with a proposed amended complaint. (ECF Nos. 14, 15.) Having reviewed the complaint

22   and proposed amended complaint, the undersigned finds plaintiff's retaliation and racial

23   discrimination claims are duplicative of claims in an earlier-filed pending action. The court lacks

24   federal question jurisdiction over the remainder of the dispute. Thus, the undersigned will

25   _____

26   [1] Because plaintiff proceeds pro se, this matter is before the undersigned pursuant to 28 U.S.C. §
     636(b)(1) and Local Rule 302(c)(21).

27
     [2] The record currently before the court does not indicate the defendants were properly served
28   under Rule 4 of the Federal Rules of Civil Procedure.

                                                    1

1  recommend dismissal of this action.

2         Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co.

3  Of America, 511 U.S. 375, 377 (1994). In general, federal courts hear cases that arise in diversity

4  of citizenship[3] or present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-

5  32. Courts are required sua sponte to examine jurisdictional issues. Molski v. Arby's Huntington

6  Beach, 359 F. Supp. 2d 938, 943 (C.D. Cal. 2005) (citing B.C. v. Plumas Unified School District,

7  192 F.3d 1260, 1264 (9th Cir. 1999).) The presumption is against jurisdiction and "the burden of

8  establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv.,

9  447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines

10  at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R.

11  Civ. P. 12(h)(3). It may do so sua sponte. Franklin v. State of Or., State Welfare Div., 662 F.2d

12  1337, 1342 (9th Cir. 1981).

13         Plaintiff's complaint asserts the following four claims: (1) Bad Faith Conduct in Handling

14  Plaintiff's Workers' Compensation Claim; (2) Privacy Violations & Improper Access to Medical

15  Records; (3) QME Panel Request Manipulation & Procedural Violations; and (4) Retaliation &

16  Racial Discrimination (Title VII & FEHA). (ECF No. 1 at 5.) The proposed amended complaint

17  that accompanies plaintiff's motion for leave to amend asserts the following five claims: (1) Bad

18  Faith Insurance Practices; (2) Negligence; (3) Privacy Violations; (4) Retaliation; and (5)

19  Procedural Due Process Violations. (ECF No. 15 at 2-3.) The asserted basis for jurisdiction is

20  federal question jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction for state law

21  claims under 28 U.S.C. § 1367. However, the case does not present a federal question.

22         Federal district courts have original jurisdiction over "all civil actions arising under the

23  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under'

24  federal law either where federal law creates the cause of action or 'where the vindication of a

25  right under state law necessarily turn[s] on some construction of federal law.'" Republican Party

26  of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing Franchise Tax Bd. v.

27

28  [3] Plaintiff does not allege that diversity jurisdiction exists under 28 U.S.C. § 1332 and the
   complaint contains no such indication.

1    Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). A federal question exists if: (1) federal

2    law creates the cause of action, or (2) a substantial question of federal law is a necessary element

3    of a plaintiff's well-pleaded complaint. See Coeur d'Alene Tribe v. Hawks, 933 F.3d 1052, 1055

4    (9th Cir. 2019); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (under the well-pleaded

5    complaint rule, "federal jurisdiction exists only when a federal question is presented on the face

6    of the plaintiff's properly pleaded complaint").

7        Plaintiff's claims for bad faith insurance practices, negligence based on "mishandling

8    Plaintiff's sensitive records," and "QME Panel Request Manipulation & Procedural Violations"[4]

9    do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see

10   also Agullard v. Principal Life Ins. Co., 685 F. Supp. 2d 947, 953 (D. Ariz. 2010) (breach of

11   contract and bad faith insurance claims "provide no basis for federal question jurisdiction");

12   Friedmann v. Berkshire Hathaway Grp., No. C25-5070JLR, 2025 WL 896812, at *4 (W.D. Wash.

13   Mar. 24, 2025) (dismissing bad faith insurance claims for lack of subject matter jurisdiction);

14   Polus v. Sharp Healthcare, No. 320CV02253RBMKSC, 2022 WL 1478516, at *2 (S.D. Cal. May

15   9, 2022) (no federal-question jurisdiction over state-law negligence claim).

16       In addition, HIPAA creates no private cause of action. United States v. Streich, 560 F.3d

17   926, 935 (9th Cir. 2009) ("HIPAA does not provide any private right of action"). Thus, plaintiff's

18   claims asserting privacy violations, including under HIPAA, and improper access to medical

19   records do not present a substantial question of federal law. See In re Anthem, Inc., 129 F. Supp.

20   3d 887, 897-98 (N.D. Cal. 2015) (citing Webb v. Smart Document Solutions, LLC, 499 F.3d

21   1078, 1082 (9th Cir. 2007).

22       Plaintiff's claims asserting procedural due process violations by these defendants do not

23   present a substantial question of federal law because "only state action is subject to scrutiny under

24   the Due Process Clause." Davis v. Prudential Securities, Inc., 59 F.3d 1186, 1190-1191 (11th Cir.

25   1995); Lugar v. Edmonson Oil Co., 457 U.S. 922, 936 (1982) ("most rights secured by the

26   Constitution are protected only against infringement by governments"). To state a claim for a

27

28   [4] The court notes plaintiff omitted the claim for "QME Panel Request Manipulation & Procedural
     Violations" from the proposed amended complaint.

3

1   violation of federal constitutional or statutory rights under 42 U.S.C. § 1983, a plaintiff must

2   allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the

3   alleged violation was committed by a person acting under color of state law. See West v. Atkins,

4   487 U.S. 42, 48 (1988). Plaintiff does not name any defendant who can be sued under this statute.

5          Conduct by private individuals or entities alleged to violate due process is only actionable

6   if there is such a close nexus between the State and the challenged action that seemingly private

7   behavior may be fairly treated as that of the State itself. See Brentwood Academy v. Tennessee

8   Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Courts start with the presumption that

9   private conduct does not constitute governmental action, and a plaintiff bears the burden of

10  establishing state action. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922

11  (9th Cir. 2011). Conclusory allegations are insufficient to establish state action. See Dietrich v.

12  John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008).

13         Plaintiff's allegations do not in any way suggest the defendants engaged in conduct by or

14  for a state government. No due process claim lies against these defendants, who are private

15  citizens and a private entity. See, e.g., Life Ins. Co. of North America v. Reichardt, 591 F.2d 499,

16  502 n.5 (9th Cir. 1994) ("California's extensive regulation of insurance companies, standing

17  alone, is insufficient state involvement [to support a § 1983 claim]."); Lau v. United Servs. Auto.

18  Ass'n, No. CIVS050499 WBS-KJM-PS, 2005 WL 8176740, at *2 (E.D. Cal. Oct. 28, 2005),

19  report and recommendation adopted, No. CIVS050499 WBS-KJM-PS, 2005 WL 8176743 (E.D.

20  Cal. Dec. 19, 2005) (rejecting argument that insurance company was a state actor). Accordingly,

21  plaintiff cannot bring a procedural due process claim under 42 U.S.C. § 1983 against any of these

22  defendants.

23         That leaves plaintiff's retaliation and racial discrimination claims brought under "Title

24  VII" and "FEHA." Plaintiff's proposed amended complaint clarifies that plaintiff seeks to

25  proceed on these claims against her employer, Lucidworks, Inc., in addition to the three

26  defendants named in the original complaint. These claims are the subject of an earlier-filed case

27  pending in this court. See Brown v. Lucidworks, et al., 2:25-cv-0607-DC-CKD.

28  /////

4

1    Federal courts "retain broad powers to prevent duplicative or unnecessary litigation."

2    Slack v. McDaniel, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two

3    separate actions involving the same subject matter at the same time in the same court and against

4    the same defendant.'" Adams v. Calif. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007)

5    (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit) (overruled on other

6    grounds). "After weighing the equities of the case, the district court may exercise its discretion to

7    dismiss a duplicative later-filed action[.]" Id. at 688. A suit is deemed duplicative if the claims,

8    parties and available relief do not vary significantly between the two actions. Id. at 689.

9    The claims, parties and available relief do not vary significantly between this action and

10   Brown v. Lucidworks, et al., 2:25-cv-0607-DC-CKD. In both cases, plaintiff brings employment

11   discrimination claims and alleges racial discrimination and retaliation under Title VII of the Civil

12   Rights Act (42 U.S.C. § 2000e et seq.) and California's Fair Employment and Housing Act

13   ("FEHA"). The defendants in this case are also defendants in the earlier-filed case. Plaintiff's

14   retaliation and racial discrimination claims in this case are duplicative and should be dismissed.

15   Setting aside plaintiff's Title VII claims which should be dismissed as duplicative, there is

16   no basis for federal question jurisdiction. Under the circumstances, the undersigned recommends

17   this court decline to exercise supplemental jurisdiction over plaintiff's state law claims. 28 U.S.C.

18   § 1367(c)(3); see also Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996) ("in

19   the usual case in which federal law claims are eliminated before trial, the balance of factors ...

20   will point toward declining to exercise jurisdiction over the remaining state law claims"),

21   overruled on other grounds by Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997);

22   Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012) (if court declines to exercise supplemental

23   jurisdiction over state law claims once court dismissed federal claims, then the court should

24   dismiss the state law claims without prejudice).

25   In accordance with the above, IT IS RECOMMENDED as follows:

26       1.   Plaintiff's motion for leave to amend the complaint (ECF No. 14) be denied.

27       2.   Plaintiff's retaliation and racial discrimination claims be dismissed as duplicative of

28           claims in Brown v. Lucidworks, et al., 2:25-cv-0607-DC-CKD.

1       3.  Pursuant to 28 U.S.C. § 1367(c), the court decline to exercise supplemental

2           jurisdiction over plaintiff's remaining state law claims and dismiss those claims

3           without prejudice.

4      These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

6  days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties. Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

9  shall be served on all parties and filed with the court within seven (7) days after service of the

10  objections. Failure to file objections within the specified time may waive the right to appeal the

11  District court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951

12  F.2d 1153, 1156-57 (9th Cir. 1991).

13  Dated:  June 23, 2025

14

15                               CAROLYN K. DELANEY
                               UNITED STATES MAGISTRATE JUDGE

16

17  8, brow25cv0627.fr

18

19

20

21

22

23

24

25

26

27

28