UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHTIANA JADE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>PREFERRED EMPLOYERS INSURANCE, et al.,<br><br>Defendants. | No.  2:25-cv-0627-DC-CKD (PS)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION DUE TO A LACK OF SUBJECT MATTER JURISDICTION |

This matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21). On June 24, 2025, the magistrate judge filed findings and recommendations recommending that plaintiff's retaliation and racial discrimination claims brought in this action pursuant to Title VII be dismissed as duplicative of the claims brought by plaintiff in her earlier-filed case: *Brown v. LucidWorks et al.*, 2:25-cv-00607-DC-CKD. (ECF No. 17.) The magistrate judge also recommends plaintiff's due process claim be dismissed without leave to amend because defendants are private citizens and a private entity, not state actors as is required for due process claims brought under 42 U.S.C. § 1983. (*Id.* at 3–4.) Further, the magistrate judge recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss those claims without prejudice. (*Id.*) The findings and recommendations contained notice that any objections to the findings and recommendations were to be filed within fourteen days. (*Id.*) Plaintiff filed objections to the findings and recommendations styled as a

1

1  motion of objection. (ECF No. 18.)

2  In her objections, Plaintiff clarifies that her retaliation claims in this case are brought
3  against the insurance carrier and third-party administrators, whereas her retaliation claims in her
4  earlier-filed case are brought against her employer. (ECF No. 18 at 2.) Plaintiff's objection is well
5  taken as this clarification indicates her retaliation claims brought in this case are not duplicative
6  and should not be dismissed on that basis. However, this clarification means that plaintiff's
7  complaint in this action does not assert any claims arising under federal law as is required for this
8  court to have subject matter jurisdiction based on federal question.[1] [2]

9  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
10 court has conducted a review of this case. Having carefully reviewed this matter, the court finds
11 the findings and recommendations to be supported by the record and by proper analysis, in part.
12 Specifically, the court agrees that plaintiff's sole federal claim of due process violations cannot be
13 maintained against the defendants in this case because they are not state actors. Thus, the court

---

[1] Title VII prohibits retaliation by employers against employees, not retaliation by insurance companies and third-party administrators against policyholders. *See* 42 U.S.C. § 2000e-2(a)(1).

[2] In her objections, Plaintiff also reiterates that she does not consent to magistrate judge jurisdiction. (*Id.*) Pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b), assigned magistrate judges perform certain duties "in all actions in which all the plaintiffs or defendants are proceeding *in propria persona*." L.R. 302(c)(21). Those duties include the issuance of findings and recommendations, to which the parties have an opportunity to file objections for consideration by the assigned district judge. L.R. 304. Specifically, as provided by 28 U.S.C. § 636(b)(1)(C),

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

In contrast, where a party has consented to magistrate judge jurisdiction, the assigned magistrate judge directly conducts "any and all proceedings" in the civil action—that is, the magistrate judge does not issue findings and recommendations for a district judge to review and make an ultimate determination. For this reason, Plaintiff's objection that she did not consent to magistrate judge jurisdiction is irrelevant.

1  lacks subject matter jurisdiction over this case and dismissal of this action on that basis is
2  appropriate. The court will therefore adopt the findings and recommendations in part and dismiss
3  this action due to a lack of subject matter jurisdiction.
4      Accordingly, IT IS HEREBY ORDERED as follows:
5      1. The findings and recommendations filed June 24, 2025 (ECF No. 17), are adopted in
6         part.
7      2. Plaintiff's motion for leave to amend the complaint (ECF No. 14) is DENIED.
8      3. This action is dismissed due to a lack of subject matter jurisdiction.
9      4. Plaintiff's motion of objection to the findings and recommendations (ECF No. 18) is
10        DENIED and the hearing set on that motion for August 15, 2025 is VACATED.
11     5. Defendants' motion to dismiss (ECF No. 19) is DENIED as moot.
12     6. The Clerk of the Court is directed to close this case.
13
14     IT IS SO ORDERED.
15 Dated: **July 25, 2025**
16                       Dena Coggins
                                United States District Judge